UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**THANH CHI LE**                                         **CASE NO. 6:25-CV-01241 SEC P**

**VERSUS**                                                     **JUDGE ROBERT R. SUMMERHAYS**

**BRIAN PATTERSON**                              **MAGISTRATE JUDGE WHITEHURST**

## REPORT AND RECOMMENDATION

Pro se Petitioner Tranh Chi Le filed a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, on August 25, 2025. Doc. 1. At that time, he was detained at the Pine Prairie ICE Processing Center ("PPIPC") in Pine Prairie, Louisiana.

On September 8, 2025, the undersigned ordered the petitioner to amend his complaint. Doc. 3. That order was mailed to petitioner at PPIPC, yet returned, marked "Return to Sender- Not Deliverable As Addressed – Unable to Forward," on September 30, 2025. Doc. 4. To date, Petitioner has failed to comply with this Court's order to file an amendment to his complaint.

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "For failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action sua sponte, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). Petitioner has failed to comply with an Order directing him to amend his complaint. This failure on his part warrants dismissal.

Further, Local Rule (LR) 41.3W provides in part, "The failure of a[]... pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of thirty days." More than thirty days have elapsed since the court's correspondence was returned.

Therefore,

**IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b) and LR41.3W.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in chambers this 30th day of October, 2025.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE